UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **Tierra Leann Myers,** | ) | |
| | ) | No. **2:23-cv-01901-DJH** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | December 19, 2024 |
| **Experian Information Solutions Incorporated,** | ) | 11:02 a.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DIANE J. HUMETEWA, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**DISCOVERY DISPUTE HEARING**

Official Court Reporter:
Hilda E. Lopez, RMR, FCRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 30
Phoenix, Arizona 85003-2151
(602) 322-7256

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Plaintiff:
    CONSUMER ATTORNEYS PLC
    By:  **James Patrick Ristvedt**, Esq.
    8245 N. 85th Way
    Scottsdale, AZ 85258
    jristvedt@consumerattorneys.com

For the Defendant Experian Information Solutions:
    JONES DAY - Irvine, CA
    By:  **Thomas J. Herron**, Esq.   (Telephonic)
    3161 Michelson Drive, Suite 800
    Irvine, CA 92612
    therron@jonesday.com

For the Defendant Experian Information Solutions:
    SNELL & WILMER
    By:  **Emily Gildar Yaron**, Esq.
    1 E. Washington Street, Suite 2700
    Phoenix, AZ 85004
    eyaron@swlaw.com

Also Present:   Mehak Rizvi, Consumer Attorneys, Associate

UNITED STATES DISTRICT COURT

**P R O C E E D I N G S**

   (Proceedings commence at 11:02 a.m.)

      COURTROOM DEPUTY: Calling the Court to order. This is case number CV 23-1901, Tierra Leann Myers vs. Experian Information Solutions, Inc., on for discovery dispute hearing.

      Counsel, please announce your presence for the record with plaintiff in person going first.

      MR. RISTVEDT: Yes. Thank you. This is Attorney James Ristvedt for Plaintiff Tierra Leann Myers.

      MR. HERRON: T.J. Herron of Jones Day on behalf of Defendant Experian Information Solutions.

      MS. YARON: Good morning, Your Honor, Emily Yaron on behalf of Experian as well.

      THE COURT: All right. And I think there is also Ms. Rizvi who is on the phone observing, is that what you --

      MR. RISTVEDT: Correct, Your Honor. Yes, not of counsel on record.

      THE COURT: Did someone else also join? Someone either -- oh, maybe we lost Ms. Risvi.

      In any event, this matter was before the Court on the parties' Joint Summary of Discovery Dispute, and in fact there's kind of a dispute as to whether or not it's a discovery dispute, but I wanted to see if there were any resolutions to

1  the described summary of the dispute.
2          And I guess I'll just make the inquiry of you,
3  Mr. Ristvedt, are there any changed circumstances at this
4  juncture?
5          MR. RISTVEDT:  There are not, Your Honor.  To date,   11:04:26
6  Experian has refused all written discovery, all discovery of
7  any kind, asserting that it's improper until the Court has
8  decided on Experian's Motion to Compel Arbitration.
9          THE COURT:  All right.  And let me then turn to -- I
10 guess, let's hear from local counsel in terms of your          11:04:57
11 understanding of the posture of the case, Ms. Yaron.
12         MS. YARON:  Yes, Your Honor.  So Mr. Herron was the
13 one who took the lead on the discussions with plaintiff's
14 counsel, so I'll defer to him on the exact discussions that
15 happened, but Experian did produce discovery responses.  They  11:05:18
16 are pretty detailed.  I mean, the RFA, the rog, the RFP
17 responses are each about 30 pages.  There are a lot of
18 different objections.  The ultimate objection is no documents
19 are going to be produced at this time because of the pending
20 Motion to Compel, which was not pending at the time the        11:05:39
21 responses were given, but was filed -- the Motion to Compel
22 Arbitration, which was filed a few days after the responses
23 were given to plaintiff's counsel.
24         So just to be clear, there are responses with detailed
25 objections that were produced.  It wasn't that nothing was     11:05:53

1  given.

2  THE COURT: The -- well, that causes me a little pause

3  because someone is not giving me the full picture. My

4  understanding is that plaintiffs issued written discovery

5  requests, and by their calculation the answers were to be due    11:06:17

6  December 7th, and there's a statement here that Experian

7  provided non-answers to those requests on the day that they

8  were due.

9  Is that -- do I -- am I misinterpreting that?

10 MS. YARON: I have the responses right here, Your    11:06:38

11 Honor, if you want to look at them.

12 THE COURT: Let me let me ask Mr. Ristvedt first.

13 MR. RISTVEDT: Yes, Your Honor, Experian provided

14 written responses to something containing objections that said,

15 "Hey, we're not going to respond at all until the Court has    11:06:55

16 decided on the forthcoming Motion to Compel." So, yes,

17 technically it did provide written responses. The written

18 responses as noted in the Joint Statement of Dispute contained

19 no substantive responses of any kind.

20 THE COURT: Well, I guess let me ask as well, as I    11:07:18

21 understand it then, in the answer that was filed there was an

22 assertion by the defendants that the matter was subject to

23 arbitration, and that answer was filed back on October the

24 30th.

25 And so here we are in December and plaintiffs, let me    11:07:47

| | | |
|---|---|---|
| 1 | ask again, Mr. Ristvedt, in addition to the written discovery | |
| 2 | request, I assume these are RFPs, an additional request for | |
| 3 | documents, were there other requests for discovery made? | |
| 4 |       MR. RISTVEDT:  Yes, Your Honor, there were Request for | |
| 5 | Admissions, there were interrogatories, and within the last | 11:08:21 |
| 6 | week plaintiff propounded a Notice of Deposition under Rule | |
| 7 | 30(b)(6) for Experian's corporate representative. | |
| 8 |       THE COURT:  Okay.  And so I guess the obvious question | |
| 9 | that I have is why is it then that knowing since October the | |
| 10 | 30th, and indeed as asserted in the Joint Case Management | 11:08:49 |
| 11 | Report that was filed on the 21st of November, why -- why then | |
| 12 | wait this long in order to bring the motion related to the | |
| 13 | arbitration? | |
| 14 |       MR. RISTVEDT:  If I may, Your Honor. | |
| 15 |       THE COURT:  Yes. | 11:09:11 |
| 16 |       MR. RISTVEDT:  Our firm regularly and routinely | |
| 17 | litigates with Experian, and this is a consistent practice by | |
| 18 | Experian -- | |
| 19 |       THE COURT:  I'll let you supplement the record, but | |
| 20 | I'm -- I'm asking the question of Ms. Yaron or Mr. Herron, | 11:09:26 |
| 21 | whoever wishes to answer the question.  That's -- that's my | |
| 22 | curiosity is why is it that, understanding back in October when | |
| 23 | you answered the complaint, why then are you putting plaintiffs | |
| 24 | through the exercise of developing RFPs, request for discovery, | |
| 25 | request for interrogatories, if you have an idea that you're | 11:09:56 |

|    |                                                                      |          |
|----|----------------------------------------------------------------------|----------|
| 1  | going to file this Motion to Compel Arbitration?                     |          |
| 2  |         MS. YARON:  Yes, Your Honor.  So usually at the              |          |
| 3  | beginning of the case we try to potentially settle with the          |          |
| 4  | parties and have settlement negotiations, and it's only really       |          |
| 5  | been like a month and a half --                                      | 11:10:16 |
| 6  |         THE COURT:  Well, the time frame is something that's        |          |
| 7  | of note, but I'm primarily talking about the work, the work          |          |
| 8  | that's involved.                                                     |          |
| 9  |         MS. YARON:  Yes, Your Honor.  So usually we leave some       |          |
| 10 | time to try to settle.  As plaintiff's counsel said, there are       | 11:10:36 |
| 11 | regularly cases between Experian and plaintiff's firm, and a         |          |
| 12 | lot of them do settle early on even before discovery.                |          |
| 13 |         Number two, the discovery deadline is not until              |          |
| 14 | November 2024, so --                                                 |          |
| 15 |         THE COURT:  Well, the discovery --                           | 11:10:53 |
| 16 |         MS. YARON:  Go ahead.                                        |          |
| 17 |         THE COURT:  -- as you know, under the rules, the             |          |
| 18 | discovery production date follows when you're served the             |          |
| 19 | discovery.                                                           |          |
| 20 |         MR. HERRON:  Your Honor, this is T.J. Herron.  Your          | 11:11:06 |
| 21 | Honor, if I may, I think the point here that we're making is         |          |
| 22 | that we tried to exhaust other solutions if motion practice can      |          |
| 23 | be avoided.  As counsel mentioned, our firms work together a         |          |
| 24 | lot on these exact issues, and past experience of counsel            |          |
| 25 | indicates that sometimes we're able to negotiate this for --         | 11:11:30 |

| | | |
|---|---|---|
| 1 | for example, in one case pending in another federal court | |
| 2 | against Experian, counsel stipulated to a stay of discovery two | |
| 3 | weeks before Experian filed its then forthcoming Motion to | |
| 4 | Compel.  In another case before this court, counsel agreed to | |
| 5 | the filing of an Unopposed Motion to Stay, which was filed | 11:11:50 |
| 6 | three weeks after Experian submitted an arbitration and after | |
| 7 | plaintiff had already served discovery on Experian.  And | |
| 8 | here -- | |
| 9 |       THE COURT:  I'm going to stop you right there, | |
| 10 | Mr. Herron, because at the moment I'm addressing the dispute | 11:12:04 |
| 11 | that was filed in this case, and it's fair to say that this is | |
| 12 | a different client of Mr. Ristvedt. | |
| 13 |       MR. HERRON:  Yes, Your Honor. | |
| 14 |       THE COURT:  So there may be a different approach that | |
| 15 | is being taken here.  And so just as I would not let | 11:12:28 |
| 16 | Mr. Ristvedt paint with a broad brush conduct, what I'm | |
| 17 | concerned about is the procedures that were followed in this | |
| 18 | particular case. | |
| 19 |       So what we have here is an acknowledgment as early as | |
| 20 | the answer was filed on October 30th asserting that these | 11:12:50 |
| 21 | claims were subject to arbitration.  Then you have the written | |
| 22 | discovery request that by their delivery were then due on | |
| 23 | December 7th, but you go through the process of waiting until | |
| 24 | December 7th to file what amounts to at least in plaintiff's | |
| 25 | counsel's view nonresponsive information, and so I just want to | 11:13:19 |

| | |
|---|---|
| 1 | understand what the thinking was in terms of that process. |
| 2 |     MR. HERRON: Right. Thank you, Your Honor. So I |
| 3 | think that this, you know, it's fair to say that the parties |
| 4 | were unsuccessful in reaching an agreement through multiple |
| 5 | rounds of discussion, and I think the progression of this case |
| 6 | shows why, you know, we thought at the outset that it was |
| 7 | possible to reach a negotiated resolution. |
| 8 |     As you're aware, you know, we raised the affirmative |
| 9 | defense in our answer and then again in our initial meet and |
| 10 | confer. Plaintiff then immediately propounded discovery. In |
| 11 | subsequent settlement discussions the issue came up again. |
| 12 | Experian reserved its arbitration claim in the joint |
| 13 | management, or the Joint Case Management Statement, apologies, |
| 14 | and its initial discovery responses, it's our position that we |
| 15 | lodged valid objections reflecting the same position that |
| 16 | Experian has maintained since the beginning of this case. |
| 17 |     And so we don't -- we think this is really about the |
| 18 | parties' unsuccessful efforts to reach agreement. It's not |
| 19 | about bad faith. And we also -- we don't think that plaintiff |
| 20 | can force discovery in these circumstances to trap Experian by |
| 21 | setting up a waiver argument. The core argument from plaintiff |
| 22 | is that Experian has engaged in bad faith and gamesmanship, and |
| 23 | we believe these accusations are baseless. |
| 24 |     THE COURT: Well, Mr. Herron, let me be clear, that's |
| 25 | not before the Court. Those kinds of arguments have not been |

Timestamps: 11:13:54, 11:14:14, 11:14:37, 11:14:57, 11:15:18

1  made.  And so, again, let's narrowly focus on the posture here.
2          The other question I have too is the Motion to Compel
3  Arbitration is obviously not fully briefed, and so that
4  decision has not yet been made.  I don't have the information
5  before me to make that decision, but what I do have before me        11:15:44
6  is the Court's scheduling order that puts you on a timetable
7  that says plaintiffs and indeed defendants can propound
8  discovery.  And when any party propounds discovery, then the
9  Court will always assume that parties are adhering to the
10 production based on the rules of discovery.                          11:16:14
11         And the other question that I have for you,
12 Mr. Herron, is isn't it possible that meaningful answers to
13 discovery might aid in an eventual arbitration, might aid the
14 arbiter?
15         MR. HERRON:  In this instance, Your Honor, our               11:16:37
16 position is that because we claim that arbitration is
17 warranted, it's our position that discovery should be governed
18 by the arbitrator and in the context of arbitration, and it
19 could be helpful, but it could also be prejudicial to the
20 extent that the scope of discovery is altered in this forum          11:16:59
21 than it, than it would be in the arbitration forum.  We think
22 that the risk of prejudice outweighs the benefits that may or
23 may not accrue through discovery here.  We'd lose those
24 advantages to the extent that we're forced to engage in any
25 discovery in this court; the advantages that we, you know, we        11:17:27

|   |   |   |
|---|---|---|
| 1 | assert that we bargained for and that we're entitled to. | |
| 2 | THE COURT: Well, again, the answer to that question | |
| 3 | remains to be seen, Mr. Herron. And what troubles me is | |
| 4 | procedurally there are a couple of things that really trouble | |
| 5 | me here. The first is the obvious one that I pointed out is if | 11:17:51 |
| 6 | you indeed wish to enforce what you think is an arbitration | |
| 7 | cause, then you should do it early because that will prevent | |
| 8 | counsel from expending resources, attorney time, staff time, | |
| 9 | propounding discovery requests which you know that you're not | |
| 10 | going to answer. | 11:18:20 |
| 11 | And the other issue is, once discovery requests are | |
| 12 | propounded, this Court, and indeed I would say that every | |
| 13 | district judge would think, unless there is a pending Motion to | |
| 14 | Stay or pending Motion to Compel that has been ruled upon, then | |
| 15 | we anticipate parties to continue to move forward. | 11:18:49 |
| 16 | And here, the Court finds it necessary then for | |
| 17 | defendants to reissue answers, meaningful answers to those | |
| 18 | propounded discovery requests that were due on December 7th. | |
| 19 | And I have not considered the Motion to Stay yet, I will, but I | |
| 20 | haven't had a motion fully briefed before me, the Motion to | 11:19:23 |
| 21 | Compel Arbitration. | |
| 22 | And because you decided to file this non-answer on the | |
| 23 | day that you filed the Motion to Compel, that's going to be my | |
| 24 | ruling at least with regard to those discovery requests that | |
| 25 | were due on December 7th. | 11:19:45 |

| | | |
|---|---|---|
| 1 | And they will include substantive answers to the | |
| 2 | information sought unless you have some firm basis to object, | |
| 3 | and so that's how we will proceed going forward. | |
| 4 | Is there anything -- is there anything more from you, | |
| 5 | Mr. Ristvedt? | 11:20:12 |
| 6 | MR. RISTVEDT: I don't think substantively, Your | |
| 7 | Honor. The only thing I would ask is that, it sounds like it | |
| 8 | is encompassed within your order, but I just wanted to confirm | |
| 9 | as well that we can expect responsive documents from Experian | |
| 10 | as that has been an issue in the past obtaining the same. | 11:20:28 |
| 11 | THE COURT: Well, responsive documents with respect to | |
| 12 | if there is upcoming deadlines and I have not yet ruled, I do | |
| 13 | expect, as I said before, counsel to propound discovery that's | |
| 14 | been requested, otherwise there is other potential loss of | |
| 15 | rights if you don't provide discovery under the rules, under | 11:20:52 |
| 16 | the deadlines set by the rules, and that's my -- that's my | |
| 17 | primary concern here. | |
| 18 | Mr. Herron, you were going to say something. | |
| 19 | MR. HERRON: Yes. I just want to clarify for the | |
| 20 | record that to the extent Experian is ordered to amend its | 11:21:10 |
| 21 | discovery responses pending the Motion to Compel, we want to | |
| 22 | reiterate that we maintain that discovery is improper pending | |
| 23 | the motion, but we don't intend for those responses to | |
| 24 | constitute any waiver of those arguments as well. | |
| 25 | THE COURT: Well, you can certainly make that in your | 11:21:35 |

```
 1   production or at a later time with the Court, but I do expect
 2   you to respond.
 3           All right.  Is there anything further from you,
 4   Mr. Herron?
 5           MS. YARON:  Your Honor --                                    11:21:54
 6           MR. HERRON:  Sorry, I was just going through my notes,
 7   apologies.  I wanted to ask, Your Honor, if the Court was going
 8   to set a deadline or a schedule for those discovery responses?
 9           THE COURT:  Well, how much time do you need?  You're
10   outside of the time in which to respond meaningfully, and I can   11:22:17
11   give you seven days.
12           MR. HERRON:  We can certainly make our best efforts.
13   I would ask, especially for interrogatories that may require
14   some sort of verification, if we could have 30 days for those.
15           MR. RISTVEDT:  Your Honor.                                  11:22:44
16           THE COURT:  When were those interrogatories
17   propounded?
18           MR. RISTVEDT:  The same date, Your Honor.  And to that
19   end, as a compromise, plaintiff would be willing to accept
20   uncertified interrogatory responses with the understanding that   11:22:53
21   the certification could come at a later date, although I would
22   ask for that to be provided within 14 days as opposed to
23   30 days.  These are routine rogs that Experian has responded to
24   on hundreds of occasions.
25           THE COURT:  I am going to suggest that we stay within     11:23:19
```

```
 1   the 15-day time period.  And so you get half the time that you
 2   sought.  Under the circumstances, the information should have
 3   been propounded.
 4           And so that is how we will proceed, and you will await
 5   my further ruling on any other matter.                              11:23:42
 6           MS. YARON:  Your Honor --
 7           THE COURT:  Yes.
 8           MS. YARON:  -- just one other question.  So plaintiffs
 9   propounded 36 Request for Production, which is beyond the scope
10   of discovery unless otherwise agreed upon, can we discuss          11:23:56
11   whether we just respond to those up until they go over the
12   limit?  Your scheduling order limits them to 25.
13           THE COURT:  Is there a reason you propounded more than
14   the permitted amount?
15           MR. RISTVEDT:  I believe that the Request for              11:24:36
16   Production were propounded before the scheduling order was
17   issued, Your Honor.
18           THE COURT:  All right.  Well, you'll have to retract
19   the appropriate number because you've agreed upon the standard
20   number, those requests, so you can decide which ones to            11:24:51
21   retract.
22           MR. RISTVEDT:  Understood, Your Honor.  I will provide
23   a retraction to opposing counsel by the end of business today.
24           THE COURT:  All right.  Very good.  Anything further
25   then, Ms. Yaron?                                                   11:25:04
```

|   |   |   |
|---|---|---|
| 1 | MS. YARON:  Just to clarify, so seven days to respond | |
| 2 | to the RFPs, the rogs and the RFAs? | |
| 3 | THE COURT:  Well, I think there is a separate deadline | |
| 4 | that I set for interrogatories, uncertified interrogatories of | |
| 5 | 15 days, but if you'd like to have them all set at the same | 11:25:28 |
| 6 | time, I will give you 15 days for all of it.  Is there an | |
| 7 | objection? | |
| 8 | MR. RISTVEDT:  Yes, Your Honor, plaintiff would prefer | |
| 9 | to get discovery as soon as possible.  And so if the rogs are | |
| 10 | delayed, I understand, but respectfully, we'd like to move | 11:25:44 |
| 11 | forward with discovery while we can. | |
| 12 | THE COURT:  All right.  So the interrogatories, | |
| 13 | uncertified, will be at 15 days, and the remainder will be at | |
| 14 | seven. | |
| 15 | MR. HERRON:  Your Honor, this is T.J. Herron.  One | 11:26:02 |
| 16 | last point of clarification, just so I understand the Court's | |
| 17 | ruling, if the Court wishes, we're also happy to submit a | |
| 18 | formal Motion to Stay discovery.  I understood that you were | |
| 19 | prepared to make a ruling on that today or based on the | |
| 20 | parties' submissions, but if the Court -- if the Court grants | 11:26:20 |
| 21 | permission, we are happy to submit a formal motion on that. | |
| 22 | THE COURT:  Well, not as to what was already | |
| 23 | requested.  I mean, I think you've sort of set yourself up for | |
| 24 | this kind of situation, but if you want to file a separate | |
| 25 | Motion to Stay, I never will deny a party that right, but you | 11:26:42 |

```
 1   can do so if you'd like, but going -- but with respect to what
 2   we discussed today, I expect you to produce.
 3            MR. HERRON:  Understood.  Thank you, Your Honor.
 4            THE COURT:  All right.  There being nothing further,
 5   then we are adjourned.                                           11:27:04
 6            MS. YARON:  Thank you.
 7            MR. RISTVEDT:  Thank you very much, Your Honor.  Have
 8   a nice day.
 9       (Proceedings concluded at 11:27 a.m.)
10                                                                    11:45:44
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## **C E R T I F I C A T E**

I, HILDA E. LOPEZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 5th day of January, 2024.

s/Hilda E. Lopez_____
HILDA E. LOPEZ, RMR, FCRR