# JONES DAY

110 NORTH WACKER DRIVE • SUITE 4800 • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number: +1.312.269.4078
awwiers@jonesday.com

January 17, 2024

<u>VIA E-MAIL</u>

Melody Patock
AAA Case Administrator
MelodyPatock@adr.org

                            Re:    <u>Kimberly Yates v. Experian Info Sols, Inc., No. 01-23-0004-0204 (AAA) - Objections to Scheduling Order</u>

Dear Ms. Patock:

       We write to object to the proposed scheduling order as at odds with the applicable AAA Consumer Arbitration Rules ("Consumer Rules") in numerous regards and, indeed, at odds with the entire purpose of arbitration. In particular, while the Consumer Rules narrowly limit discovery, the proposed scheduling order purports to broadly allow it. Experian is thus extremely concerned that Claimant will leverage this departure from the Consumer Rules to needlessly expand proceedings in order to drive up costs and increase attorneys' fees, which is often the real driver in FCRA litigation.

       This is a straightforward, single-consumer arbitration. All parties agree it is governed by the Consumer Rules. The Consumer Rules do not contemplate discovery beyond an initial exchange of information, identification of witnesses, and, if needed, "specific documents and other information" that the arbitrator directs the parties to share—all of this "keeping in mind that arbitration must remain a fast and economical process." Consumer Rule 22. Thus, the Consumer Rules do not provide for interrogatories, requests for production, depositions, or expert discovery *at all*, and they expressly prohibit discovery beyond the called-for "exchange of information" "unless an arbitrator determines further information exchange is needed to provide for a fundamentally fair process." *Id.* There has been no such finding here, nor could there be since the case is just beginning. Nevertheless, the draft scheduling order permits expansive discovery, including interrogatories and requests for production, *three* depositions, and expert discovery.

       Likewise, the Consumer Rules expressly limit the arbitration hearing to a single day absent a showing of good cause made after the initial day of hearing. *See* Consumer Rule 32 ("The hearing generally will not exceed one day. However, if a party shows good cause, the arbitrator may schedule additional hearings within seven calendar days after the initial day of hearing."). Here, Experian requested a one-day hearing. Arbitrator Hinde concurred that consumer hearings typically require only a day but, without any good cause demonstrated by Claimant, scheduled a

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Melody Patock
January 16, 2024
Page 2

three-day hearing on nothing more than Claimant's suspicion that one day will not be enough. That is simply not appropriate or allowed under the Consumer Rules.

      To ensure this matter is adjudicated in the "fair, efficient, and economical" manner the Consumer Rules require, Experian requests that Arbitrator Hinde amend the scheduling order to remove discovery beyond that allowed by the Consumer Rules or, at minimum, stay such discovery unless Claimant can meet her required burden of demonstrating that discovery beyond the initial exchange of information is "needed to provide for a fundamentally fair process." Experian further requests that the Court limit the arbitration hearing to one day. In the alternative to limiting discovery and hearing length, Experian requests that Paragraph 15 of the Scheduling Order be amended to limit the attorneys' fees (if any) potentially recoverable by Claimant to those incurred in pursuing the exchange of information permitted by the Consumer Rules and preparing for and conducting a single-day hearing, in order to limit the unnecessary enlargement of proceedings.

Sincerely,

*/s/ Adam W. Wiers*

Adam W. Wiers

cc:    Eric A. Nicholson, McKenzie Czabaj, David Chami