# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DAVID & ALISA COLOMBIA,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and SENTRY CREDIT, INC.,<br><br>Defendants. | Case No.: 1-24-CV-02522-NYW-SBP |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION OR, <u>ALTERNATIVELY, FOR A PROTECTIVE ORDER</u>**

Defendant Experian Information Solutions, Inc. ("Experian") respectfully moves for a stay of discovery or, in the alternative, for a protective order pending resolution of its Motion to Compel Arbitration (ECF No. 36) (the "Arbitration Motion"). This Motion is necessary because, although Plaintiffs are obligated by contract to arbitrate all disputes with Experian and an arbitrator has been vested with exclusive authority over discovery pertaining to this dispute, Plaintiff seeks burdensome discovery from Experian under the Federal Rules of Civil Procedure. Requiring Experian to engage in this discovery in federal court would deprive it of the benefit of the bargain it struck with Plaintiffs and vitiate the terms of the parties' agreement. For these reasons, and those set forth below, Experian respectfully requests that the Court enter an order staying discovery pending resolution of its Arbitration Motion or, in the alternative, for a protective order granting the same relief.

## LOCAL RULE 7.1(a) CONFERENCE

Pursuant to Local Rule 7.1(a), the undersigned hereby certifies that he conferred with counsel for Plaintiffs on February 5, 2025, but was unable to reach a resolution.

## BACKGROUND

On September 13, 2024, Plaintiffs David and Alisa Colombia ("Plaintiffs") filed this case in federal court. On October 3, 2024, Experian filed its Answer, raising an affirmative defense that "Plaintiffs' claims may be subject to arbitration pursuant to a valid and binding arbitration agreement." ECF No. 7, at 32. On November 27, 2024, Plaintiffs served their first set of written discovery requests on Experian and Experian served its first set of written discovery requests on Plaintiffs. Exhibit A, Declaration of John Loscheider ("Loscheider Decl."), ¶ 2. Based on the date of service, both parties' discovery responses and corresponding document production were due on December 26, 2024. On December 16, 2024, Experian requested a mutual two-week extension to the December 26, 2024 deadline, which Plaintiffs denied. Loscheider Decl., ¶ 2.

On December 18, 2024, the Court held a telephonic scheduling conference with counsel for Plaintiffs and Experian. *See* ECF No. 31. During the conference, the Court established limits on each *sides'* interrogatories, requests for production, and requests for admission. *See id.*, at 2. Since Plaintiffs and Experian had already exchanged written discovery requests which did not account for the total number of requests available to each *side* – including co-defendant Sentry Credit, Inc. ("Sentry") – Experian requested the Court revise the deadlines for its written discovery responses. *See id*. The Court granted that request, establishing January 15, 2025 as the deadline for Experian to respond to written discovery requests. *Id*.

The next day, the undersigned emailed counsel for Plaintiffs and co-defendant Sentry to ensure common understanding of the Court's deadlines. Exhibit B, Email Concerning Discovery

2

Deadlines. Approximately one hour later, the undersigned re-served requests for the production of documents on Plaintiffs which were reduced in number to account for the Court's newly established limits. Exhibit C, Email Concerning Production Deadline. In that email, the undersigned clarified that Plaintiffs' responses would be due on January 17, 2025. *Id*.

On January 15, 2025, Plaintiffs provided their discovery responses and document production to Experian – two days before they were required to do so. Less than 30 minutes later, Experian provided its discovery responses to Plaintiffs, objecting to discovery due to a valid and binding arbitration agreement between the parties. That same day, counsel for Plaintiffs and the undersigned met and conferred regarding discovery responses and Experian's forthcoming Arbitration Motion. *See* Loscheider Decl., ¶ 2.

On January 24, 2025, Experian moved to compel Plaintiffs' claims to arbitration as required under the Terms of Use Agreement governing their CreditWorks subscription service. ECF Nos. 36, 37. Courts addressing identical motions under the same or similar CreditWorks Terms of Use have granted such motions and compelled arbitration. *See* ECF No. 36, at 1-2 (citing nearly 50 recent cases from across the county in which courts have granted similar motions based on a plaintiff's enrollment in CreditWorks).

Federal courts throughout the nation have consistently stayed discovery under these circumstances and the Supreme Court recently affirmed this regular practice in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 192–22 (2023). In accordance with this authority, multiple federal courts have granted nearly identical motions to stay filed by Experian. *See Newton v. Experian Info. Sols., Inc.*, No. CV 623-059, 2024 WL 1075239 (S.D. Ga. Feb. 20, 2024); *Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-cv-03343, 2021 WL 2349370 (E.D.N.Y. June 7, 2021); *Stephens v. Experian Info. Sols., Inc.*, No. 22-00046 SOM-KJM, 2022 WL 18587893 (D. Haw. July 5, 2022); *Oestreicher v.*

*Equifax Info. Servs., LLC*, No. 23-cv-00239 (NRM)(MMH), 2023 WL 3819378 (E.D.N.Y. June 5, 2023); *Ferrell v. AppFolio, Inc.*, 2024 WL 132223 (C.D. Cal. Jan. 8, 2024); W*illiams v. Experian Info. Sols. Inc.*, 2024 WL 739676 (D. Ariz. Feb. 23, 2024); *Ramirez v. Equifax Info. Servs., LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *2 (E.D. Tex. July 1, 2024).

Courts in this District also frequently grant stays of discovery pending the resolution of a motion to compel arbitration. *See, e.g.*, *Med. Prac. Mgmt. Grp., LLC v. Gordon*, No. 22-CV-02585-NYW-KLM, 2023 WL 2681970 (D. Colo. Jan. 27, 2023); *Nardo v. Homeadvisor, Inc.*, Civil Action No. 21-cv-01709-RM-KLM, 2022 WL 1198995 (D. Colo. Jan. 4, 2022); *Richan v. Ageiss, Inc.*, Civil Action No. 22-cv-01060-NYW, 2022 WL 2643565 (D. Colo. July 7, 2022). The Court should do the same here.

## LEGAL ARGUMENT

**I. A Discovery Stay Is Appropriate Pending Resolution Of A Motion To Compel Arbitration**

Experian's Arbitration Motion presents a threshold question likely to dispose of the case and a stay of discovery is appropriate until it is resolved. "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Technologies, Inc., v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (1999). "[T]he power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Richan v. Ageiss, Inc.*, Civil Action No. 22-cv-01060-NYW, 2022 WL 2643565, at *2 (D. Colo. July 7, 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931))).

"[T]he Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration." *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *4 (D. Colo. Jan. 7, 2010); *see*

4

*also* C.R.S. § 13–22–207(6) ("If a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section."). This is because arbitrability is a threshold question likely to dispose of the case. "[D]iscovery on the merits" before "the issue of arbitrability is resolved puts the cart before the horse. If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators . . . ." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

If the parties are required to engage in discovery while the Court adjudicates Experian's Arbitration Motion, the parties "will forever lose the advantages of arbitration," namely "speed and economy," which would undermine their bargained-for rights. *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795 MJD/KMM, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018) (quoting *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted)). And if Experian's Motion to Compel is granted, it may "unnecessarily subject [the parties] to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Richan*, at *3 (quoting *Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW, 2016 WL 8737774, at *2 (D. Colo. Nov. 4, 2016) (quoting *Cook v. Pensa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014)).

"Moreover, if Plaintiff is compelled to arbitrate, the court will be required under the FAA to stay the proceedings pending the outcome of the arbitration." *Richan*, at *3; *see also* 9 U.S.C. § 3. As a result, "courts in [the District of Colorado] have exercised their discretion to stay discovery pending the resolution of a Motion to Compel Arbitration." *Richan*, at *3. Likewise, "[t]he court's time is not well-served by being involved in possible discovery motions and other incidents of discovery" while dispositive motions, such as a Motion to Compel Arbitration, are pending.

5

*Grosvenor v. Qwest Communs. Int'l, Inc.*, Civil Action No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *2 (D. Colo. Apr. 1, 2010).

## II. The *String Cheese* Factors Weigh In Favor Of Staying Discovery

"When ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest (the "*String Cheese* factors")." *Richan*, at *2 (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). As applied to this case, the *String Cheese* factors clearly weigh in favor of staying discovery.

First, Plaintiff will not suffer any prejudice from a brief stay of discovery pending resolution of Experian's Arbitration Motion. *See In re CenturyLink*, 2018 WL 2122869, at *2 ("If the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators—and if not, [the non-movant] will suffer no prejudice from a temporary stay." (citations omitted)). Given the Court's fact discovery cut-off of August 18, 2025 and requirement that all "[i]nterrogatories, requests for production, and requests for admission shall be served by July 18, 2025," a temporary stay in discovery pending resolution of the Arbitration Motion will not harm Plaintiffs. ECF No. 31.

Second, the burden on Defendant weighs sharply in favor of a stay. "[C]ourts have concluded that requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant." *Richan*, at *3; *see also Stone*, 2010 WL 148278, at *2 (citing cases). "Altogether, it is in both parties' interests to save expenses while the initial determination of whether [a] case is subject to arbitration is considered by the

6

district court." *Grosvenor*, 2010 WL 1413108, at *1. Proceeding with formal discovery in this forum would increase costs, decrease efficiency, and ultimately deprive Experian of its bargained-for benefit to arbitrate this dispute.

Third, the convenience to the Court is clear here and weighs in favor of a stay. "The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery while the Motion to Compel Arbitration is pending." *Richan*, at *3 (quoting *Grosvenor*, at *2) (internal quotations omitted). Indeed, "[w]here a pending motion may dispose of an action, . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Stone*, 2010 WL 148278, at *3.

Fourth, the interest of non-parties and the public interest would be best served by a stay of discovery in this case. "'There is a strong federal policy favoring arbitration for dispute resolution,'" and "[a]llowing extensive discovery . . . while the Court resolves a motion to compel arbitration could undermine that policy." *Richan*, at *3 (quoting *Stone*, at *4 (D. Colo. Jan. 7, 2010) (quoting *Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1095 (D. Colo. 2001))). Plaintiffs agreed to arbitrate their dispute with Experian and continued discovery in this forum would be contrary to federal policy.

Therefore, the *String Cheese* factors clearly weigh in favor of issuing a stay of discovery while Experian's Arbitration Motion is pending resolution. Experian expeditiously moved to compel arbitration of this matter and it would suffer undue burden and expense if it were forced to engage in discovery before the dispositive issue of arbitrability is decided. Likewise, the Court's interest in conserving resources and the strong public policy of favoring arbitration for dispute resolution are best served by a stay of discovery.

**III. The Court Should, Alternatively, Enter a Protective Order**

The same reasons supporting a stay of discovery also support entry of a protective order against discovery. "Allowing Plaintiff to conduct discovery with respect to [Experian] prior to a determination of whether Plaintiff[] and [Experian] must arbitrate their dispute would, if arbitration is required, subject [Experian] to undue burden and expense." *Merchant v. Weissman*, No. 97 C 2205, 1997 WL 695674, at *4 (N.D. Ill. Nov. 3, 1997) (recognizing "'Congress's clear intent, in the [Federal] Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible'" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983))). As stated, no party, including Plaintiffs, will suffer any prejudice from a brief stay of discovery pending resolution of Experian's Arbitration Motion. *See In re CenturyLink*, 2018 WL 2122869, at *2 ("If the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators—and if not, [the non-movant] will suffer no prejudice from a temporary stay." (citation omitted)). Therefore, a protective order is appropriate.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court enter an order staying discovery or, in the alternative, for a protective order pending resolution of its Arbitration Motion.

Dated:  February 5, 2025

Respectfully submitted,

JONES DAY

By: */s/ John Loscheider*
John Loscheider
jloscheider@jonesday.com
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: +1.612.217.8831
Facsimile: +1.844.345.3178

*Attorney for Defendant
Experian Information Solutions, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed through the Court's CM/ECF system on February 5, 2025.

/s/ *John Loscheider*
John Loscheider

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

10