IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02522-NYW-SBP

DAVID COLOMBIA, and
ALISA COLOMBIA,

    Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and
SENTRY CREDIT, INC.,

    Defendants.

## ORDER

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on plaintiffs David and Alisa Colombias' ("Plaintiffs") motion to compel defendant Experian Information Solutions, Inc.'s ("Experian") responses to written discovery, ECF No. 34 ("Motion to Compel"), and Experian's motion requesting a stay of discovery or protective order, ECF No. 41 ("Motion to Stay"), after both Motions were referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Memoranda of Referrals, ECF Nos. 35, 42. For the reasons below, the Motion to Stay is **GRANTED**, and the Motion to Compel is **DENIED without prejudice**.

    The court assumes the reader's familiarity with the general factual and procedural background of this case. Experian asks that the court stay all discovery from Experian until United States District Judge Nina Y. Wang rules on its motion seeking to compel arbitration of Plaintiffs' claims against Experian. ECF No. 36 ("Motion to Compel Arbitration"). Plaintiffs are

1

opposed, ECF No. 47 ("Response"), and Experian filed a reply, ECF No. 48 ("Reply").

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to compel arbitration is pending, Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL 2643565, at *2-3 (D. Colo. July 7, 2022). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In deciding whether to stay discovery, courts in this District typically consider five factors, known as the *String Cheese* factors: 1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

For the reasons set forth below, the court concludes that, on balance, the *String Cheese* factors support Experian's request for a stay of discovery.

**Plaintiffs' Interests in Proceeding Expeditiously**. In the typical case, a plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously." *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). Plaintiffs

2

maintain that they wish to move forward with discovery because memories may fade if discovery is delayed. *See* Response at 5. They also posit a wholly speculative theory of spoliation of documents—a possibility present in most, if not all, cases. *Id.* at 6. The court in *Stone v. Vail Resorts Development Co.* downplayed similar concerns because—like here—a stay would be temporary, and it found that plaintiffs articulated no more than a "general interest" in moving their case forward expeditiously. No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) (citing *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *2 (D. Colo. Apr. 6, 2007) (finding no undue prejudice to plaintiff where a stay did not "hinder . . . future ability to fully engage in discovery")). Plaintiffs' general interest here does not outweigh the other factors.

**The Burden on Experian**. The second *String Cheese* factor assesses whether discovery would place an *undue* burden on a defendant, and the ordinary discovery burdens associated with litigation generally do not constitute an undue burden. *See, e.g.*, *Collins v. Ace Mtg. Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). However, "requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant. 'It is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court.'" *Richan*, 2022 WL 2643565, at *3 (cleaned up) (citing *Stone*, 2010 WL 148278, at *2; quoting *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010)). Here, Experian aptly notes that if, in the absence of a stay, its Motion to Compel Arbitration is granted, any discovery conducted will have been wasteful. As such, the second factor weighs in favor of a stay.

3

***The Convenience to the Court***. Plaintiffs are correct that a court may be inconvenienced by an "ill-advised stay" that can delay the prosecution of a case and make a court's docket less predictable. *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008). At the same time, the court is equally—if not more—inconvenienced when it is called on to resolve discovery disputes that may ultimately be immaterial should a case proceed to arbitration. *See Richan*, 2022 WL 2643565, at *3 (citations omitted). Given Plaintiffs' Motion to Compel, this concern is not merely speculative. The court concludes that the third factor does support a stay.

***Interests of Non-Parties and the Public***. In this case, neither side has identified significant interests of non-parties; thus, the fourth factor is neutral. *Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, the fourth *String Cheese factor* is neutral).

Finally, "[t]there is a strong federal policy favoring arbitration for dispute resolution," *Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1095 (D. Colo. 2001), and permitting discovery before a court can resolve a motion to compel arbitration may have the effect of undermining that policy. *See Richan*, 2022 WL 2643565, at *4. Therefore, the fifth factor tips in favor of a stay.

\*   \*   \*

In sum, the court respectfully finds that the *String Cheese* factors, considered together, compel the conclusion that a stay is warranted in this case. Accordingly, the court **GRANTS** the Motion to Stay, ECF No. 41, and hereby **STAYS** all discovery as to Experian[1] until the court has

---

[1] Nothing in this Order shall affect discovery as to defendant Sentry Credit, Inc.

ruled on the Motion to Compel Arbitration. Plaintiffs' Motion to Compel, ECF No. 34, is **DENIED without prejudice** to refiling if the court denies the Motion to Compel Arbitration.[2]

DATED: April 9, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").